```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KATHLEEN M. SMITH,                    )
                                      )  Civil Action
       Plaintiff             )  No.  10-cv-3515
                                      )
      vs.                             )
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security Administration,    )
                                      )
                                      )
       Defendant             )

## O R D E R

NOW, this 25th day of August, 2011, upon consideration of Plaintiff Kathleen M. Smith's Brief and Statement of Issues in Support of Request for Review, which brief was filed January 21, 2011; upon consideration of Defendant's Response to Request for Review by Plaintiff, which response was filed February 23, 2011; upon consideration of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey filed July 18, 2011, upon consideration of Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, which objections were filed August 5, 2011; upon consideration of plaintiff's Complaint, defendant's Answer and after a thorough review of the record in this matter; it appearing that Magistrate Judge Hey's Report and Recommendation correctly determined the legal issues presented in this case,

       IT IS ORDERED that Magistrate Judge Hey's Report and Recommendation is approved and adopted.[1]

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court.

(Footnote 1 continued):

<u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner of Social Security is affirmed.

<u>IT IS FURTHER ORDERED</u> that plaintiff's request for review is denied.

<u>IT IS FURTHER ORDERED</u> that plaintiff's objections to the Report and Recommendation are overruled.[2]

---

(<u>Continuation of footnote 1</u>):

<u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994).  However, the district court must review de novo those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1)(c).  The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As more fully discussed below, I adopt Magistrate Judge Hey's Report and Recommendation that the Administrative Law Judge's (ALJ) decision is supported by substantial evidence.  Accordingly, I overrule plaintiff's objections to the Report and Recommendation, deny plaintiff's request for review, and affirm the decision of the Commissioner of Social Security.

[2]  Plaintiff raises one objection to Magistrate Judge Hey's Report and Recommendation.  Plaintiff argues that the Report and Recommendation erroneously concludes that the Administrative Law Judge properly evaluated the plaintiff's failure to follow prescribed treatment for her diabetes.  Specifically, defendant contends that Magistrate Judge Hey, relying on an unpublished decision that is factually distinguishable from this case, erroneously concluded that the plaintiff's "low intelligence" does not provide good cause for her failure to follow prescribed treatment.

Furthermore, plaintiff contends that the evidence demonstrates that she was referred to a social worker by her physician to determine why plaintiff was so non-compliant with treatment.  Plaintiff contends that this supports a finding that her non-compliance with treatment was a result of a mental impairment, and not willful or without justifiable excuse causing plaintiff to lose her entitlement to benefits.

In reviewing an appeal from the decision of the Commissioner of the Social Security Administration, "[t]he Court is bound by the ALJ's

(<u>Footnote 2 continued</u>):

---

(Continuation of footnote 2):

findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971)). The court may not conduct a de novo review of the Commissioner's decision or re-weigh the evidence of the record. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D.Pa. 1998).

Plaintiff's objection that the ALJ improperly evaluated evidence regarding plaintiff's non-compliance with her diabetes treatment is not well-founded. For the following reasons, I find that Magistrate Judge Hey correctly determined that substantial evidence supported the ALJ's determination that there was not good cause for plaintiff to be non-compliant with her prescribed treatment.

Failure to follow prescribed treatment without a good reason can provide a basis to find that a claimant is not disabled and thus, not entitled to benefits. See 20 C.F.R. §§ 404.1530(b), 416.930(b). In determining whether good cause exists to excuse a claimant's failure to comply with treatment, the Commissioner will consider the claimant's physical, mental, educational, and linguistic limitations. Id. at §§ 404.1530(c), 416.930(c). "In order to lose entitlement to benefits for refusal to follow prescribed treatment, the refusal must be willful and without a justifiable excuse." Mendez v. Chater, 943 F.Supp. 503, 508 (E.D.Pa. 1996)(Powers, C.M.J.), R & R approved and adopted by 1996 U.S.Dist.LEXIS 20036 (E.D.Pa. July 9, 1996)(Reed, J.)(citing Shena v. Secretary of Health and Human Services, 635 F.2d 15, 19 (1st Cir. 1980)).

Here, Magistrate Judge Hey concluded there was substantial evidence to support the ALJ's conclusion that the plaintiff's low intelligence did not provide good cause for her consistent non-compliance with her diabetes treatment. Plaintiff contends that Magistrate Judge Hey relied on a factually-distinguishable decision, Ambrose v. Astrue, 2010 U.S.Dist.LEXIS 97021, at *21 (N.D.Cal. Sept. 16, 2010), which held that ignorance and lack of understanding do not justify a diabetic claimaint's non-compliance with prescribed medication and diet.

Specifically, plaintiff contends that in Ambrose, the credibility of the claimant was substantially undermined by a report from the Social Security Administration's Office of Inspector General ("OIG Report") which concluded that the claimant presented a high risk of fraud and potential malingering. See Ambrose at *6. I do not find this distinction significant because, although no such report exists here, the Ambrose court does not appear to have considered the OIG Report as dispositive when concluding that the claimant had no justification for her non-compliance with treatment. See id. at *20-21. Rather, the court notes that the record "amply demonstrated plaintiff's non-compliance with her treatment plan" and that "plaintiff's own behavior, on most days, indicated that she was capable of following treatment...." Id. at *20. Accordingly, Magistrate Judge Hey's reliance on Ambrose as persuasive authority was not inappropriate.

Plaintiff further contends that evidence that she was referred to a social worker by her physician to determine why plaintiff was non-compliant with treatment supports a finding that her non-compliance was a result of a mental impairment, and therefore not willful or without justifiable excuse,

(Footnote 2 continued):

<u>IT IS FURTHER ORDERED</u> that judgment is entered in favor of defendant Michael J. Astrue and against plaintiff Kathleen M. Smith.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(<u>Continuation of footnote 2</u>):

relying on <u>Mendez</u>, 943 F.Supp at 508.  However, <u>Mendez</u> does not specifically address the impact of a referral to a social worker on such a determination.

Moreover, I conclude that Magistrate Judge Hey correctly determined that the record as a whole contained substantial evidence to support the ALJ's conclusion that plaintiff's low intelligence did not provide good cause for her consistent non-compliance with her diabetes treatment.  As more specifically explained in the Report and Recommendation, Magistrate Judge Hey correctly concluded that the evidence concerning plaintiff's educational and other daily activities is inconsistent with a finding that her low intelligence prevented her from following prescribed diabetes treatment, and that the medical evidence also does not support such a finding.  (Report and Recommendation at 11-13.)

This court's review of the decision of the Commissioner of Social Security does not entail a determination of whether the ALJ weighed the evidence presented to him as I might have done.  I may not re-weigh the evidence of record, <u>see</u> <u>Palmer</u>, 995 F.Supp. at 552, but must only determine whether there is substantial evidence to support the decision and whether it contains sufficient rationales and explanations.  <u>See</u> <u>Plummer</u>, 186 F.3d at 427.  Accordingly, because I find such substantial evidence in the record, I approve and adopt the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and affirm the decision of the Commissioner of Social Security